IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

```
                                              F I L E
                                              SEP - 2 2014
                                        CLERK, U.S. DISTRICT COURT
                                               RICHMOND, VA
```

TRANSCONTINENTAL GAS PIPE LINE  )
COMPANY, LLC,                   )
                                )
          Plaintiff,            )
                                )
v.                              )    Civil Action No.: 3:14-cv-00400-HEH
                                )
Permanent easement totaling 2.322 acres,   )
more or less, and temporary easements       )
totaling 3.209 acres, more or less, over a  )
parcel of land in Brunswick County, Virginia )
of approximately 83.00 acres in size, as more )
particularly described herein,              )
*et al.,*                                   )
                                            )
          Defendants.                       )

## MEMORANDUM OPINION
**(Granting Defendant's Motion for Partial Summary Judgment
and Preliminary Injunction for Possession by September 2, 2014)**

THIS MATTER is before the Court on the Motion for Partial Summary Judgment

(ECF No. 33) and the Omnibus Motion for Preliminary Injunction for Possession by

September 2, 2014 (ECF No. 35) (collectively, "Preliminary Motions") filed by the

Plaintiff, Transcontinental Gas Pipe Line Company, LLC ("Plaintiff" or "Transco"). This

Court by Order (ECF No. 64) entered on August 21, 2014 provided Constance Watkins

("Defendant" or "Ms. Watkins") additional time to respond, as she proceeded in this

matter as a *pro se* litigant and was the sole defendant to provide a response to Plaintiff's

Complaint. The Defendant's response (ECF No. 66) was filed on August 27, 2014.

Accordingly, the matter is now ripe for disposition.

To be clear, the only issue before the Court is right of entry onto and possession of the land for the installation of pipeline. Issues related to compensation, both amount and form, will be adjudicated separately. For the reasons stated below, the Court will grant Transco's Preliminary Motions and award Plaintiff the requested Permanent, Temporary Construction, and Temporary Access Road easements as outlined in the survey plat. (Compl., ECF No. 1, Ex. C thereto.)

## I. BACKGROUND

Transco is a natural gas pipeline company subject to regulation by the Federal Energy Regulatory Commission under the Natural Gas Act ("NGA" or "the Act"), codified at 15 U.S.C. §§ 717–717z. On November 21, 2013, the Federal Energy Regulatory Commission ("FERC") issued Transco a Certificate of Public Convenience and Necessity ("FERC Certificate"). *See Transcontinental Gas Pipe Line Co. LLC*, 145 F.E.R.C. ¶61,152, 2013 WL 6137661. In accordance with the FERC Certificate, Plaintiff intends to build nearly 100 miles of a new 24-inch interstate natural gas pipeline ("Virginia Southside Expansion Project" or "the Project") in multiple states. (Compl. at ¶ 15.) The Project will allow Transco to transport natural gas from north to south, to provide natural gas from a "pooling point" in New Jersey to a new natural gas-fired power station that a Dominion Virginia Power ("DVP") affiliate is building in Brunswick County, Virginia. *Transcontinental Gas*, 2013 WL 6137661, at *4.

The Virginia portion of the Project involves construction of a new 24-inch natural gas pipeline from Transco's main line in Pittsylvania County, eastward through Halifax, Charlotte, Mecklenberg, and Brunswick Counties. *Id.* at *1. Approximately the first 91 miles of the new pipeline ("SVL-B") will be constructed roughly parallel to Transco's

existing 20-inch South Virginia Lateral-A pipeline ("SVL-A") which has been in operation since the 1960s. *Id.* To minimize impact on landowners, nearly 90 percent of SVL-B will be constructed within or immediately adjacent to the existing rights-of-way that Transco acquired when it constructed the SVL-A. *Transcontinental Gas*, 2013 WL 6137661, at *4.

Transco filed the Complaint in this action on June 5, 2014, and the Notices of Condemnation (ECF Nos. 3-31, 39-40, 43) on June 6, June 12, and June 16, seeking to condemn a permanent easement together with certain temporary construction easements and a temporary access road easement over real property in which defendant has an interest, which is a parcel of land located in Brunswick County, Virginia, described as follows:

> All that certain tract or parcel of land situate in Powellton Magisterial District, Brunswick County, Virginia, containing eighty-two and one-half (82.5) acres, be the same more or less, and bounded as follows, to-wit; on the north by the lands of Stephen Reavis, dec'd' on the east by the lands of Ira Green, dec'd' on the south by the lands of A. T. James, dec'd, and a public road; and on the west by the lands of Johnny Travis, dec'd, being the tract or parcel of land granted to Alfred James by Daniel Travis, and others, in a partition deed dated December 27, 1889, recorded in the Clerk's Office of the Brunswick County, Virginia, in Deed Book 45 at Page 483, less a parcel thereof, containing, by estimation, twelve acres, which was granted to Alfred T. James by Alfred James, by deed dated January 26, 1895, recorded in the said Clerk's Office in Deed Book 47 at Page 718, reference to which deeds is here made for a more detailed description thereof.  Being the same real estate conveyed to Alfred James by Deed of Partition from Alfred James and Martha Ann, his wife, Ira Green and Mary, his wife, and Daniel Travis and Louisa, his wife, dated December 27, 1889 and recorded December 30, 1889 in the

Clerk's Office of the Circuit Court of Brunswick County,
Virginia in Deed Book 45, Page 483.

(Compl. at ¶ 3 (citing Land Records of Brunswick County)
("the Property")).

Pursuant to the FERC Certificate, the easements that Transco seeks to condemn in this action are shown and described on the survey plat and legal description prepared by a Virginia Certified Land Surveyor. (Compl., Ex. B thereto; *Transcontinental Gas*, 2013 WL 6137661, at *20). More specifically, the Permanent will be used for the purposes of laying, constructing, maintaining, replacing, and operating the a 24-inch pipeline. (Compl. at ¶ 36.) The Temporary Construction and Access Road easements will be utilized for work related to the construction of the Project. (Compl. at ¶¶ 39–41.) Transco was unable to negotiate the terms of the easements with Defendant, therefore Transco properly filed its Complaint in this Court for condemnation of the easements pursuant to 15 U.S.C. § 717f(h). (Pl. Br. Supp. Mot. for Summ. J., Ex. B thereto, Declaration of Timothy Chastain, at ¶¶ 8–9.)

Ms. Watkins argues in her response to Plaintiff's motion for injunctive relief that she is asserting the rights of others served by Transco as well, contending that they did not actually receive notice.

Two of the known defendants named in the Complaint have consented in writing to, and accepted full payment for, the easement interests that Transco seeks in this action. These defendants are Sylvia Lash Holman and Dora G. James, who have since been dismissed (ECF Nos. 56, 57) from this action. Consequently, only the remaining twenty-

4

one known defendants, in addition to any unknown owners, have any right to receive an award of compensation in this action.

For the reasons stated in Transco's Reply Brief (ECF No. 62), the Court finds that all defendants were validly served with process as required by Fed. R. Civ. P. 71.1(d)(3) and that the 21 day period within which they were required to respond has passed. The only defendant who filed any response within the required 21 day period was Ms. Watkins, with her letter dated July 3, 2014, which the Court treated as her Answer (ECF No. 53). Accordingly, under Fed. R. Civ. P. 71.1(e)(3), all of the defendants served in this action, with the exception of Ms. Watkins, have waived all objections and defenses to Transco's condemnation of the easements at issue.

Transco's Preliminary Motions, which included a proper *Roseboro v. Garrison* Notice to any *Pro Se* Defendants pursuant to Local Civil Rule 7(K) (ECF No. 33), were served on each of the defendants along with the Notice of Condemnation and Complaint. None of the defendants—including any unknown heirs, beneficiaries, or owners—responded within either the 11-day period thereafter, as required by Local Rule 7(F)(1), or the 21-day period thereafter, as required by Local Rule 7(K)(1) for any *pro se* Defendants. Therefore, under the authority of Local Rule 7(K)(2) and Fed. R. Civ. P. 56(e), the Court will consider Transco's two Preliminary Motions to be unopposed, and accept as true and correct the facts asserted in the Preliminary Motions and supporting briefs, declarations, and documentary evidence, and rule on the papers without a hearing with respect to all of the defendants, including Ms. Watkins. *See also Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (recognizing that failing to respond to a

summary judgment motion entitles the district court to treat the motion as unopposed and the facts stated therein as uncontroverted).

While the Court granted Ms. Watkins additional time to file her response to the Preliminary Motions, her letter is unsworn, therefore, the letter will not be treated as a proper response. *See Holloway v. Tesemma*, 2014 WL 1571965, at *4 (E.D. Va. Apr. 18, 2014) (citing *U.S. v. White*, 366 F.3d 291, 300 (4th Cir. 2004)). Accordingly, the Court will consider Transco's two Preliminary Motions to be unopposed. *See* Fed. R. Civ. P. 56(e); E.D. Va. Local Rule 7(K)(2); *Tesemma*, 2014 WL 1571965 at *4.

Even if this Court were to consider Ms. Watkins' letter filed on August 27, 2014 to be a proper response to the Preliminary Motions, it fails to present a persuasive basis to deny the requested easements.

## II. STANDARD OF REVIEW

### A. Summary Judgment

Summary judgment is appropriate where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ .P. 56(c). A "genuine issue of material fact" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Thus, the court must view the record in the light most favorable to the nonmoving party, and must draw all reasonable inferences in its favor. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002).

## B. Preliminary Injunction

The Fourth Circuit has held that once a district court determines that a gas

company has the substantive right to condemn property under the Act, the court may

exercise its equitable power to grant the remedy of immediate possession through the

issuance of a preliminary injunction. *See E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d

808, 828 (4th Cir. 2004). Although a special rule of civil procedure in federal courts

governs condemnation actions the remainder of the federal rules apply "except as

otherwise provided" by Rule 71A. Fed. R. Civ. P. 71A(a). Since Rule 71A is silent with

respect to preliminary injunctive relief, Rule 65 applies. *See Sage*, 361 F.3d at 822–24.

Importantly, the Constitution does not prevent a condemnor from taking possession of

property before just compensation is determined and paid. *Id.* at 824.

A decision to grant a preliminary injunction is within the sound discretion of the

district court, *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011)

(citing *WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave*, 553 F.3d 292,

298 (4th Cir. 2009)), especially "factual inquiries," which are entitled to "substantial

deference," *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d

591, n.7 (4th Cir. 2013). In conducting the analysis, the court must bear in mind that "[a]

preliminary injunction is 'an extraordinary remedy that may only be awarded upon a

clear showing that the plaintiff is entitled to such relief.'" *Id.* (quoting *Winter v. Natural

Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). To prevail, the moving party must

illustrate that (1) they are likely to succeed on the merits, (2) they are likely to suffer

irreparable harm, (3) the balance of hardships tips in their favor, and (4) the injunction is

7

in the public interest. *Metro. Reg'l*, 722 F.3d at 595 (citing *Winter*, 555 U.S. at 20). All

four factors must be satisfied. *See The Real Truth About Obama, Inc. v. Fed. Elec.*

*Comm'n*, 575 F.3d 342, 351 (4th Cir. 2009) (citing *Winter*, 555 U.S. at 19–20).

### III. ANALYSIS

While the precise issues presented here, specifically establishing the right of

condemnation pursuant to the NGA and granting the right of immediate possession, are

of first impression in the Eastern District of Virginia, a number of decisions in the

Western District of Virginia have considered these issues. *See Columbia Gas*

*Transmission Corp. v. An Easement to Construct, Operate, & Maintain a 24–inch Gas*

*Transmission Pipeline Across Properties in Greene Cnty.*, 2007 WL 2220530 (W.D. Va.

July 31, 2007); *East Tenn. Natural Gas, LLC v. 3.62 Acres in Tazewell County*, 2006 WL

1453937 (W.D. Va. May 18, 2006); *Columbia Gas Transmission Corp. v. An Easement*

*to Construct, Operate & Maintain a 24–Inch Pipeline Across Properties in Shenandoah*

*Cnty., Va.*, 2008 WL 2439889 (W.D. Va. June 9, 2008). This Court finds their reasoning

persuasive.

### A. Summary Judgment

The Act grants the holder of a certificate of public convenience and necessity the

authority to acquire property by the exercise of the right of eminent domain for "the

necessary right-of-way to construct, operate, and maintain a pipe line ... for the

transportation of natural gas, and the necessary land or other property, in addition to

right-of-way, for the location of compressor stations, pressure apparatus, or other stations

or equipment necessary to the proper operation of such pipe line" when it "cannot acquire

by contract, or is unable to agree with the owner of property to the compensation to be paid." 15 U.S.C. § 717f(h). In other words, to condemn the property Transco must illustrate the following: (1) it is a holder of a certificate of public convenience and necessity; (2) the property to be condemned is necessary for the construction, operation, and maintenance of the pipelines at issue; and (3) it has been unable to acquire the necessary property interest from the owner. *See id.* Additionally, Transco is required to detail the property by inclusion of a "description of the [condemned] property sufficient for its identification." Fed. R .Civ. P. 71(A)(c)(2); *Columbia Gas*, 2008 WL 2439889, at *2.

Here, it is undisputed that Transco holds the Certificate issued by the FERC to build the Project. Additionally, the FERC Certificate, produced after an almost yearlong review of the matter, establishes that the property condemned in this matter is necessary for the construction, operation, and maintenance of the pipeline at issue. Moreover, Ms. Watkins herself admits in her response to the Preliminary Motions that the parties in this have been unable to agree as to just compensation. Lastly, the land as described in Transco's pleadings leaves little doubt as to the specific property being condemned in this action. Accordingly, Transco has satisfied the statutory prerequisites to establish its substantive right of condemnation through this Court.

As there is no genuine issue of material fact and Transco is entitled to judgment as a matter of law, its motion for partial summary judgment will be will be granted.

## B. Preliminary Injunction

Transco seeks a preliminary injunction to gain immediate possession of the land so that it may begin construction related activities by September 2, 2014.

The Fourth Circuit has held that once a district court determines that a gas company has the substantive right to condemn property under the Act, the court may exercise its equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction. *See Sage*, 361 F.3d at 828.  To prevail on a Rule 65(a) motion for preliminary injunction, the moving party must demonstrate that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm, (3) the balance of hardships tips in their favor, and (4) the injunction is in the public interest. *Metro. Reg'l*, 722 F.3d at 595 (citing *Winter*, 555 U.S. at 20).  All four factors must be satisfied. *The Real Truth About Obama*, 575 F.3d at 351.

i.      *Likelihood of Success on the Merits*

Transco's satisfaction of the statutory prerequisites to establish its substantive right of condemnation through this Court illustrates that it will likely to succeed on the merits.

ii.     *Irreparable Harm*

Pursuant to the FERC Certificate, Transco's approval for the Project was conditioned upon them completing construction of the proposed facilities and making them available for service within two years of the November 2013 order. *Transcontinental Gas*, 2013 WL 6137661, at *18.  Transco's ability to meet the in-service deadline of September 1, 2015 will be difficult if its motion is not granted. (Pl.

10

Br. Supp. Mot. for Prelim. Inj., Ex. A thereto, Declaration of Amit J. Patel ("Patel Decl."), at ¶¶ 14–16, 35–43.) Even more, should Ms. Watkins' principal argument that Transco has not at this early stage provided just compensation for the easement preclude an immediate taking, Transco will almost certainly miss the Project's in-service deadline. (*Id.* at ¶ 43.) Mindful of the necessity for an extensive evidentiary hearing to determine just compensation, this Court reserved this issue for separate consideration. No other defendant has objected to this bifurcated procedure.

Such delay would be catastrophic to Transco's business, considering customer's needs for its products as well as its contractual commitment with DVP's affiliate and Piedmont Natural Gas Company, Inc. (Patel Decl. at ¶¶ 44–45.) Simply, Transco cannot guarantee it will meet the deadline required by the FERC Certificate if it is not granted the right to immediately possess the land. Transco has, therefore, established that it will suffer irreparable harm if this Court denies it the right of immediate possession.

### iii.   *Balance of the Hardships*

Ms. Watkins' principal arguments against Transco taking immediate possession is that she has not received immediate compensation and such possession will hinder her ability to sell the land. As noted earlier, delaying the possession of the land until the Court can determine just compensation is not a tenable solution. Moreover, immediate compensation is not affected by the decision to issue a preliminary injunction.

The Defendant's argument as to her ability to sell the land is equally unpersuasive. Indeed, this argument presents an attempt to re-litigate the issue of public convenience and necessity as determined by FERC. The Commission conducted an almost yearlong

11

review that considered arguments for and against the Project from all interested landowners and public interest organizations. *Transcontinental Gas*, 2013 WL 6137661, at **9–18. Moreover, the Court's role in cases concerning the Natural Gas Act is not to revisit whether the easements granted to Transco are in the public interest. *Columbia Gas Transmission Corp*, 2007 WL 2220530, at *4. To the contrary, this Court is simply to determine whether the recipient of the FERC certificate is in compliance with its terms. *See Columbia Gas*, 2008 WL 2439889, at *2 ("[T]he role of the district court in NGA eminent domain cases extends solely to examining the scope of the certificate and ordering the condemnation of property as authorized in that certificate.") (citations omitted). In other words, Ms. Watkins only legitimate concern is that of just compensation which will appropriately be determined in a later hearing. Accordingly, the hardship faced by Transco vastly outweighs those of Ms. Watkins in this matter.

    *iv.*    *Public Interest*

FERC made the determination that "[b]ased on the benefits the project will provide and the minimal adverse effect on shippers, other pipelines and their captive customers, and landowners and surrounding communities...public convenience and necessity requires approval of Transco's proposal, as conditioned in th[e] order." *Transcontinental Gas*, 2013 WL 6137661, at *4. FERC's findings after a yearlong review of the matter that considered arguments for and against the project are entitled to substantial weight.

As explained earlier, this Court's role as to the FERC Certificate is to ensure that Transco has not exceeded its scope, not re-litigate whether the approved Project is indeed

in the public interest. The evidence before the Court, however, indicates significant public interest in the timely construction of this Project. Specifically, the timely completion of the project will streamline the supply of natural gas and avoid increased electric power costs to consumers throughout the region. Indeed, DVP estimates that if Transco's project is not timely completed its customers will be negatively affected by upwards of two hundred million dollars. (Pl. Br. Supp. Mot. for Prelim. Inj., Ex. A thereto, Declaration of Glenn A. Kelly, at ¶ 9.) Not to mention the economic benefit to scores of citizens who will be hired to work on the Project. (Patel Decl. at ¶ 50.) Accordingly, Transco's motion for a preliminary injunction for early access to and possession of the easements at issue is hereby GRANTED until the completion of this case in accordance with Plaintiff's filings.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment regarding its right to condemn the properties at issue and for a preliminary injunction for early access to and possession of the easements at issue until the completion of this case is hereby GRANTED.

An appropriate Order will accompany this Memorandum Opinion.


/s/
Henry E. Hudson
United States District Judge

Date: Sept. 2, 2014
Richmond, VA

13