IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



TRANSCONTINENTAL GAS PIPE LINE )
COMPANY, LLC, )
 )
      Plaintiff, )
 )
v. ) Civil Action No.: 3:14-cv-00400-HEH
 )
Permanent easement totaling 2.322 acres, )
more or less, and temporary easements )
totaling 3.209 acres, more or less, over a )
parcel of land in Brunswick County, Virginia )
of approximately 83.00 acres in size, as more )
particularly described herein, )
*et al.*, )
 )
      Defendants. )

## MEMORANDUM OPINION
(Granting Plaintiff's Motion for Summary Judgment)

This action stems from an expansion effort by Plaintiff Transcontinental Gas Pipe Line Company, LLC ("Transco") to build nearly 100 miles of interstate natural gas pipeline throughout Virginia's Southside region. The case is before the Court on Transco's Motion for Summary Judgment (ECF No. 72). For the reasons stated herein, Transco's Motion will be GRANTED.

## BACKGROUND

1.    Transco is a natural gas pipeline company subject to regulation by the Federal Energy Regulatory Commission under the Natural Gas Act ("NGA" or "the Act"), codified at 15 U.S.C. §§ 717-717z. On November 21, 2013, the Federal Energy Regulatory Commission ("FERC") issued Transco a Certificate of Public Convenience

and Necessity ("FERC Certificate"). *See Transcontinental Gas Pipe Line Co. LLC*, 145 F.E.R.C. P 61152, 2013 WL 6137661 (Nov. 21, 2013). In accordance with the FERC Certificate, Transco intends to build nearly 100 miles of a new 24-inch interstate natural gas pipeline ("Virginia Southside Expansion Project" or "the Project") in multiple states. (Complaint, ECF No. 1, at ¶¶ 13, 15.) The Project will allow Transco to transport natural gas from a "pooling point" in New Jersey to a new natural gas-fired power station that a Dominion Virginia Power ("DVP") affiliate is building in Brunswick County, Virginia. *Transcontinental Gas*, 2013 WL 6137661, at *4.

2. By Order entered on September 2, 2014 (the "September 2nd Order," ECF No. 68), the Court granted Transco's Motion for Partial Summary Judgment (ECF No. 33) and Motion for Preliminary Injunction (ECF No. 35) (the "Preliminary Motions"). The Court's associated Memorandum Opinion (ECF No. 67) included a detailed description of the Project and defendant real property at issue (the "Property"), which is incorporated by reference into this Memorandum Opinion. (*See* Mem. Op. at 3–4.)

3. Transco seeks to condemn a permanent easement over and across 2.322 acres of the Defendant real property (the "Permanent Easement"), as well as certain non-exclusive temporary easements over and across 3.209 acres of the same land (the "Temporary Easements"). The Permanent Easement, which will be used for the purposes of laying, constructing, maintaining, replacing, and operating the 24-inch pipeline, is described as "Area of Proposed Right of Way" in the Survey Plat prepared by a Certified Virginia Land Surveyor ("Survey Plat"). (Compl., Ex. C thereto.) A legal description of the Permanent Easement is included with the Survey Plat. A copy of the Survey Plat is

2

attached to this Memorandum Opinion as Exhibit No. 1. The terms and conditions of the Permanent Easement are set forth in Exhibit D to the Complaint, a copy of which is attached to this Memorandum Opinion as Exhibit No. 2. The Temporary Easements, comprised of four temporary construction easements and a temporary access road easement, will be used for work related to the construction of the Project. The Temporary Easements are described on the Survey Plat as "Area of Temporary Work Space No. 1," "Area of Temporary Work Space No. 2," "Area of Temporary Work Space No. 3," "Area of Temporary Work Space No. 4," and "Area of Proposed Access Road AR-SVLB-89.6." The terms and conditions of the four temporary construction easements are set forth in Exhibit E to the Complaint. The terms and conditions of the temporary access road easement are set forth in Exhibit F to the Complaint. Copies of both of these exhibits are attached to this Memorandum Opinion as Exhibits No. 3 and 4, respectively.

4. In the September 2nd Order and Memorandum Opinion, the Court found that all Defendants were properly served, and only one, Constance Watkins, filed an Answer or Notice of Appearance as required by Fed. R. Civ. P. 71.1(e). (September 2nd Order at ¶¶ 1–2; Mem. Op. at 5.) The Court overruled Ms. Watkins's objections, however, and deemed her unsworn response to Transco's Preliminary Motions improper. (September 2nd Order at ¶ 1; Mem. Op. at 5–6.) Moreover, the Court ruled that Transco has the substantive legal right to condemn the Temporary Easements pursuant to 15 U.S.C. § 717f(h). (September 2nd Order at ¶ 2.) Lastly, the Court found that two owners of the Property, Sylvia Lash Holman and Dora G. James, were no longer entitled to an

award of just compensation in this action, as both consented in writing to Transco's acquisition of the easements and received full compensation. (*Id.* at ¶ 5.)

5.  Pursuant to the September 2nd Order, on September 10, 2014, Transco deposited the sum of $2,000.00 into the registry of the Court (the "Deposit") as security for the preliminary injunction authorizing Transco to take immediate possession of the Permanent Easement and Temporary Easements. (*See* Mem. Supp. Mot. for Summ. J., ECF No. 73, Ex. B. thereto.)

6.  Thus after entry of the September 2nd Order, there remained only two considerations for the Court: (1) determine the just compensation owing to the remaining Defendants for Transco's condemnation of the Permanent Easement and Temporary Easements; and (2) vest legal title to these easements in Transco.

7.  On September 12, 2014, Transco filed a Motion for Summary Judgment and *Roseboro v. Garrison* Notice to any *Pro Se* Defendants who might respond together with a supporting Brief. Transco's Motion requests that the Court enter summary judgment as a matter of law on the remaining two issues in this case. As no Defendant has responded to Transco's Motion, and because the time for any response has expired, this matter is now ripe for disposition.

## STANDARD OF REVIEW

8.  Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex*

4

*Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c).

9. "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed.R.Civ.P. 56(c) and 56(e) (1986)). "If a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion." Fed.R.Civ.P. 56(e)(2).

10. In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *U.S. v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Nevertheless, the nonmoving party cannot "'create a genuine issue of material fact through mere speculation or the building of one inference upon another.'" *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

## ANALYSIS

11. The appropriate measure of compensation in a condemnation proceeding is the fair market value of the property as of the date of the taking. *See U.S. v. Miller*, 317 U.S. 369, 374, 63 S.Ct. 276, 87 L.Ed. 336 (1943); *see also Columbia Gas Transmission*

*Corp. v. Rodriguez*, 551 F. Supp. 2d 460, 462 (W.D. Va. 2008) (citing *U.S. v. Petty Motor Co.*, 327 U.S. 372, 377–78 (1946)) (holding that "'[m]arket value,' rather than the value to the condemnor or the owner, is the proper measure of just compensation."). The landowner bears the burden of proving the value of the land taken. *U.S. v. 69.1 Acres of Land*, 942 F.2d 290, 292 (4th Cir. 1991) (citing *U.S. ex rel. TVA v. Powelson*, 319 U.S. 266, 274, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943)).

12. Transco is the only party to present any evidence establishing the fair market value of the Permanent Easement and Temporary Easements. Despite abundant time to do so, no Defendant has presented any evidence as to fair market value, nor has any defendant objected to or opposed the evidence provided by Transco. Under Local Civil Rule 7(K)(2) and Fed. R. Civ. P. 56(e), the Court is entitled to, and hereby shall, consider Transco's Motion for Summary Judgment to be unopposed, accept as true and correct the facts asserted in the Motion and supporting brief, declaration, and documentary evidence, and rule on the papers without a hearing. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (recognizing that failing to respond to a summary judgment motion entitles the district court to treat the motion as unopposed and the facts stated therein as uncontroverted).

13. After reviewing the record, the Court concludes that there is no genuine issue as to any material fact, and Transco is entitled to summary judgment as a matter of law.

14. In support of its Motion, Transco presents a detailed Appraisal Report prepared by independent Certified Virginia Real Estate Appraisers that determines the fair market value of the Permanent Easement and Temporary Easements is $2000.00.

(See Mem. Supp. Mot. for Summ. J., Ex. A. thereto, Valbridge Property Advisors Appraisal Report ("Appraisal Report").) Considering both the breadth and quality of the Appraisal Report, the Court accepts the report's suggestion as to the fair market value of these easements. Particularly significant is the Appraisal Report's consideration of sales of comparable land within a reasonable time before the taking. (*Id.* at 1, 18–27.); *see U.S. v. 100.01 Acres of Land*, 102 F. App'x 295, 298 (4th Cir. 2004) (unpublished) (explaining that the "best evidence" of fair market value is sales of comparable land within a reasonable time before the taking) (quoting *U.S. v. Whitehurst*, 337 F.2d 765, 775 (4th Cir. 1964).

15. As noted in the September 2nd Order, Ms. Holman and Ms. James received full compensation and were dismissed from the case. (September 2nd Order at ¶ 5.) Additionally, since September 2, 2014, seven other defendants have been dismissed from the case after receiving full compensation.[1] Lastly, Defendants Deborah L. Travis and Celeste Yvonne James were voluntarily dismissed from the case after Transco, upon learning that each is now deceased, settled with their heirs (ECF Nos. 79, 88).

16. Accordingly, only those Defendants who have yet to receive compensation for their interest in the Permanent Easement and Temporary Easements (the "remaining Defendants") are entitled to claim an award of just compensation, and the share awarded must be proportionate to their ownership interests.

17. Transco's evidence indicates that the remaining Defendants have a 38.746% ownership interest in the Property. (*See* Pl. Reply Br. Supp. Mot. for Summ. J.,

---

[1] Anita L. Schofield, Constance Watkins, Cynthia Blalock, Sylvia (James) Shields, Danielle L. (Travis) Pleasant, Delores Braxton, and Diane Dyson have each consented to, and accepted compensation for, Transco's acquisition of the easements condemned in this action. (ECF Nos. 81, 83, 85, 89, 92, 93 & 95.)

ECF No. 96, Ex. A thereto, Second Supplemental Declaration of Timothy Chastain ("Supplemental Chastain Decl."), at ¶¶ 5–7.) Thus, the remaining Defendants are entitled to a just compensation award of $774.92, which reflects their combined 38.746% share of the $2,000.00 fair market value of the Permanent Easement and Temporary Easements. (*Id.* at ¶ 7.)

18. Transco deposited $2,000.00, the full fair market value of the easements, with the Court. (*See* Mem. Supp. Mot. for Summ. J., Ex. B. thereto.) As 61.254% of the ownership interests received full compensation, Transco is entitled to a proportionate refund of $1,225.08. (Supplemental Chastain Decl. at ¶ 8.)

19. Having satisfied its obligation to pay just compensation for the Permanent Easement and Temporary Easements, the Court hereby finds that Transco should be vested with indefeasible legal title to those easements.

20. An appropriate Order will accompany with Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Nov. 25, 2014
Richmond, Virginia